12-4820-cv
*Retamozzo v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> REENA RAGGI,
> > *Circuit Judges.*

---

ARMAND RETAMOZZO,
> *Plaintiff - Appellant*,

v.                                                                No. 12-4820-cv

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, FREDERICK HARTWELL, DISTRICT ATTORNEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, JOSE VARGAS, DETECTIVE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, EDWARD GONZALEZ, DETECTIVE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, JESSICA MEDOFF, IN HER OFFICIAL CAPACITY,
> *Defendants - Appellees,*

JOHN DOES, 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,
> *Defendants.*

---

APPEARING FOR APPELLANT:     WILBERT RAMOS, ESQ., Warwick, New York.

APPEARING FOR APPELLEES:     KATHY H. CHANG, of Counsel, (Larry Sonnenshein, of Counsel, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 12, 2012 is AFFIRMED.

Plaintiff Armand Retamozzo, originally pro se, but represented by counsel at argument, appeals an award of summary judgment dismissing his claims of false arrest and malicious prosecution, brought pursuant to 42 U.S.C. § 1983, against the City of New York ("the City") and two New York City Police Detectives responsible for his arrest, Edward Gonzalez and Jose Vargas (the "Detectives").[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review awards of summary judgment de novo and will affirm only if the record reveals no genuine issue as to any material fact and the moving party's entitlement to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Sudler v. City of New York, 689 F.3d 159, 168 (2d Cir. 2012). In making this determination, we resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Sudler v. City of New York, 689 F.3d at 168. Nevertheless, more than "a scintilla of evidence" is necessary to defeat summary

---

[1] Retamozzo's claims against other defendants were dismissed at the pleadings stage and are not challenged on appeal.

2

judgment; the evidence must be sufficient to permit a reasonable finder of fact to hold in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 252.

Upon such review, we conclude that Retamozzo's appeal is without merit substantially for the reasons stated by the district court in its well-reasoned order. As the district court correctly concluded, probable cause to arrest Retamozzo was established as a matter of law by facts that were explicitly not disputed by Retamozzo. Insofar as he now urges otherwise, the disputes he identifies are too trivial to raise a triable question of fact as to probable cause. For example, whether the ecstacy pills underlying Retamozzo's arrest were retrieved from "a bush," "a set of bushes," or "hedges" in the general location of Retamozzo's car is immaterial to determining probable cause and would not allow a reasonable jury to return a verdict in his favor. See id. at 248.

Furthermore, we decline to consider Retamozzo's alternative challenge to the timeliness of defendant's summary judgment motion because it is well established that we will not consider an issue raised for the first time on appeal. See Schnabel v. Trilegiant Corp., 697 F.3d 110, 130 (2d Cir. 2012).

We have considered Retamozzo's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3